United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41586
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANICETO GARCIA

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-983-1
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aniceto Garcia appeals his conditional guilty plea conviction and sentence for possession of marijuana with intent to distribute. He asserts that the district court erred in denying his motion to suppress because the agents stopping him lacked a reasonable particularized suspicion of illegal activity. To the extent Garcia is arguing, for the first time on appeal, that the district court should not have considered any information known solely by Border Patrol agent Frank Terrazas

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Terrazas did not participate in the actual stop, he waived this argument by not presenting it in the district court. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001). We have reviewed the stipulated evidence and the arguments of counsel and conclude that the agents possessed a reasonable suspicion supporting the investigatory stop of Garcia's vehicle. See United States v. Guerrero-Barajas, 240 F.3d 428, 432 95th Cir. 2001).

Garcia also asserts that the district court improperly enhanced his sentence pursuant to U.S.S.G. § 4B1.1 for career offender status, despite the fact that his prior offenses were not alleged in the indictment and were not admitted by him before the district court. He maintains that the use of his prior convictions to enhance his guideline sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004). Because Garcia did not make this argument below, we review for plain error. See United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000). Blakely does not apply to the Sentencing Guidelines. See United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 04-5263). The judgment of the district court is AFFIRMED.